UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY POWELL** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-640** |
| **PRIDE OFFSHORE, INC., ET AL.** | **SECTION: I** |
| | **MAGISTRATE: 4** |

### ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Pride International, Inc. ("Pride International").[1] Plaintiff Gregory Powell ("Powell") opposes the motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Powell allegedly sustained injuries to his neck and back when he slipped on grease while climbing on drill casings as part of his work aboard the M/V Pride of Michigan on March 9, 2009.[3] Plaintiff claims that the grease was left by employees of Pride International before he started working,[4] and that Pride International's negligence was the direct and proximate cause of his injuries because Pride International failed to provide a proper ladder in accordance with its safety manual.[5]

Powell seeks to recover damages for medical expenses, pain and suffering, permanent residual disability, emotional stress and strain, loss of wages, and loss of enjoyment of life from

---

[1] No. 11-640, R. Doc. No. 34-1.
[2] No. 11-640, R. Doc. No. 40.
[3] No. 11-640, R. Doc. No. 1, ¶¶ 2, 10-11.
[4] Id. at ¶ 12.
[5] Id. at ¶ 14.

1

Pride Offshore, Pride International, Ensco Offshore Corporation ("Ensco"), Hercules Drilling Company ("Hercules"), and Aspen Insurance Holdings, Limited ("Aspen").[6] Powell asserts that the defendants have become related to one another through a series of mergers and acquisitions. Powell alleges that one or more of the defendants (1) failed to provide a seaworthy vessel, (2) failed to provide a properly equipped vessel, (3) failed to adequately train their employees as to safe operating procedures on a vessel, and (4) failed to provide plaintiff with a safe place to work.

With respect to Pride International, plaintiff asserts that Pride International is liable as the alter ego of Pride Offshore and, alternatively, that Pride International is liable as the owner of the vessel aboard which he was injured. In its motion to dismiss, Pride International argues that Powell has failed to allege sufficient facts to set forth a plausible claim for relief against Pride International.[7]

## LAW AND ANALYSIS

### *Dismissal for Failure to State a Claim*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[6] No. 11-640, R. Doc. No. 1, ¶ 3.
[7] No. 11-640, R. Doc. Nos. 34-1, 2.

> *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir.2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v.. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir.2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir.1986)).

### *"Alter Ego" Theory of Liability*

There is no "encompassing doctrinal basis for determining when principals will be liable for the obligations of the corporations they control." *Baker v. Raymond Int'l Inc.*, 656 F.2d 173, 179 (5th Cir. 1981). However, the United States Court of Appeals for the Fifth Circuit has identified a number of factors that courts may consider in determining whether one business entity is the alter ego of another business entity. *Id.* at 181. These factors include: (1) whether there is common stock ownership (2) whether there are common directors or officers (3) whether the parent company finances the subsidiary (4) whether the parent company caused the incorporation of the subsidiary (5) whether the subsidiary operates with grossly inadequate

3

capital (6) whether the parent company pays the salaries and other expenses or losses of the subsidiary (7) whether the subsidiary receives any business except that given to it by the parent company (8) whether the parent company uses the subsidiary's property as its own and (9) whether the directors and officers of the subsidiary act independently in the interest of that company or take orders from the parent company and act in the parent company's interest. *Id.* at 180.[8] As the Fifth Circuit has stated:

> [t]o justify the extraordinary step of holding the dominant party liable, the jury must find that this control 'amounts to total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.'

*Id.* at 181.

### *Discussion*

Plaintiff alleges that Pride International was the parent company of Pride Offshore and "may have liability unto the Plaintiff under a single entity theory of relief as an alter ego of Pride Offshore."[9] In his complaint, plaintiff alleges no facts relating to this theory of liability and addresses none of the nine factors set forth by the Fifth Circuit to determine whether a parent company is liable for its subsidiary. Although plaintiff alleges some facts in his opposition to defendant's motion to dismiss that may establish some of the nine factors, this Court will not look beyond the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. Due to the lack of factual allegations in the complaint regarding Pride International's liability as an alter-ego of Pride Offshore, plaintiff has not properly stated a claim in his complaint with respect to this theory of liability.

---

[8] The Court notes that no one of these factors is dispositive and that the list does not exhaust the relevant factors. *Baker*, 656 F.2d at 181.
[9] No. 11-640, R. Doc. No. 1, ¶¶ 5, 7.

Nevertheless, plaintiff asserts a negligence claim against Pride International, which is separate from and not dependant on a theory of alter-ego liability. In his complaint, plaintiff states that Pride Offshore owned the M/V Pride of Michigan, the jack-up vessel aboard which plaintiff served as a seaman.[10] He also alleges that he was working on a vessel owned and operated by Pride International,[11] and that employees of Pride International left the grease on the drill casings which caused Plaintiff to fall.[12] He claims that it was Pride International's negligence in failing to provide a seaworthy vessel that was the direct and proximate cause of Plaintiff's injuries.[13] The allegations that Pride International owned the vessel upon which he was working and that its employees left the grease which caused him to fall, taken as true, give rise to a plausible claim for relief against Pride International.

### *Leave to Amend*

"The Supreme Court has held that '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.'" *Nguyen v. St. Paul Travelers Inc. Co.*, 2007 WL 3275133, at *7 (E.D.La. Nov. 5, 2007) (Vance, J.) (*quoting Forman v. Davis*, 371 U.S. 178, 182 (1962)). In light of the federal policy in favor of liberal amendment of pleadings, plaintiff shall be afforded one opportunity to amend his complaint with respect to plaintiff's alter ego theory of liability against Pride International.

---

[10] No. 11-640, R. Doc. No. 1, ¶ 2.
[11] Defendant maintains in its motion to dismiss that "Powell admits that he was not an employee of Pride International and that he was not injured on a vessel owned by Pride International." R. Doc. No. 34, pg. 1. Such statement is directly contradicted by the plain language of the complaint which states that, "[p]laintiff was working as an able bodied seaman and crew member on board a vessel owned and operated by Pride International, Inc. . . . ." R. Doc. No. 1, pg. 3. Although the Court recognizes that there may be some inconsistencies in plaintiff's complaint with respect to the identity of plaintiff's employer and the owner of the vessel, a determination that Pride International was not plaintiff's employer or the vessel owner would require the Court to look beyond the pleadings.
[12] No. 11-640, R. Doc. No. 1, ¶¶ 11-12.
[13] Id. at ¶ 14.

5

## *CONCLUSION*

Accordingly, and for the reasons stated above,

With respect to plaintiff's claim based upon an alter ego theory of liability, **IT IS ORDERED** that the motion to dismiss is **DENIED** on the condition that plaintiff amend his complaint, if he can do so, in order to allege facts sufficient to state a claim against Pride International pursuant to such theory. With respect to plaintiff's negligence claim, **IT IS FURTHER ORDERED** that the motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall file such amendments **no later than Monday, June 20, 2011 at 5:00pm.** Failure to timely file the amended complaint shall result in the granting of defendant's motion to dismiss with respect to plaintiff's "alter ego" theory of liability against Pride International.

New Orleans, Louisiana, June ___8th___ 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE