UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY POWELL** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-640** |
| **PRIDE OFFSHORE, INC., ET AL.** | **SECTION: I** |
| | **MAGISTRATE: 4** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, Hercules Drilling Company ("Hercules").[1] Plaintiff Gregory Powell ("Powell") opposes the motion.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Powell allegedly sustained injuries to his neck and back when he slipped on grease while climbing on drill casings as part of his work aboard the M/V Pride of Michigan (later renamed the Seahawk 2504) on March 9, 2009.[3] Powell seeks to recover damages for medical expenses, pain and suffering, permanent residual disability, emotional stress and strain, loss of wages, and loss of enjoyment of life from Pride Offshore, Pride International, Ensco Offshore Corporation ("Ensco"), Hercules Drilling Company ("Hercules"), and Aspen Insurance Holdings, Limited ("Aspen").[4] Powell asserts that the defendants have become related to one another through a series of mergers and acquisitions. Powell alleges that one or more of the defendants (1) failed to provide a seaworthy vessel, (2) failed to provide a properly equipped vessel, (3) failed to

---

[1] No. 11-640, R. Doc. No. 31-1.
[2] No. 11-640, R. Doc. No. 39.
[3] No. 11-640, R. Doc. No. 1, ¶¶ 2, 10-11.
[4] Id. at ¶ 3.

adequately train their employees as to safe operating procedures on a vessel, and (4) failed to provide plaintiff with a safe place to work.[5]

With respect to Hercules, plaintiff asserts that Hercules is liable as the reported purchaser of the assets and some liabilities of Seahawk which was formerly Pride Offshore.[6] Hercules argues that it was not plaintiff's Jones Act employer and that it did not assume Seahawk's liabilities for plaintiff's claims.[7] Plaintiff argues that there are genuine issues of material fact in dispute and that further discovery is required.[8]

LAW AND ANALYSIS

*Summary Judgment*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex,* 477 U.S. at 323; *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587

---

[5] Id. at ¶ 19.
[6] Id. at ¶¶ 5-6.
[7] No. 11-640, R. Doc. No. 31-1, 1-2. The Court notes that Hercules recanted the argument that it does not own the Seahawk 2504 in its reply to plaintiff's response in opposition to Hercules' motion for summary judgment.
[8] No. 11-640, R. Doc. No. 39.

(1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie,* 526 U.S. 541, 552 (1999).

### *Jones Act Liability*

The Jones Act states that "[a] seaman injured in the course of employment … may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104 (2011). A seaman may recover under the Jones Act only from his or her employer. *Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783, 789-790 (1949); *Spinks v. Chevron Oil Company,* 507 F.2d 216, 225 (5th Cir. 1975), *overruled on other grounds by Gautreaux v. Scurlock Marine,* 107 F.3d 331. Plaintiff does not state in his complaint that Hercules was his Jones Act employer. Nor has plaintiff offered any evidence or argument that Hercules was plaintiff's Jones Act employer. Accordingly, Hercules is entitled to summary judgment on this issue.

### *Liability as Owner of Vessel or as Seahawk's Successor*

"Under general maritime law, a vessel owner has 'an absolute nondelegable duty to provide a seaworthy vessel' to crew members." *Florida Fuels v. Citgo Petroleum Corp.*, 6 F.3d

330, 332 (5th Cir. 1993) (quoting *Brister v. A.W.I. Inc.,* 946 F.2d 350, 355 (5th Cir.1991)).  In its motion for summary judgment, Hercules submitted an affidavit asserting that the Seahawk 2504 – the vessel on which Powell was allegedly injured – was not transferred from Seahawk to Hercules.[9]  However, the schedule of transferred rigs, attached as an exhibit to Seahawk's motion for summary judgment, indicates that the Seahawk 2504 was, in fact, transferred to Hercules.[10]  Hercules corrected itself in its reply and acknowledged that it did purchase the Seahawk 2504.[11]

Hercules nevertheless asserts that Seahawk retained liability with respect to Powell's alleged injury.  However, none of the documents that Hercules has submitted in support of such argument are authenticated.  Accordingly, there is no competent summary judgment evidence before the Court with respect to this issue.

## CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Hercules' motion for summary judgment is **GRANTED** with respect to its liability under the Jones Act and that plaintiff's Jones Act claims against Hercules are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Hercules' motion for summary judgment is **DENIED** with respect to plaintiff's unseaworthiness claims against Hercules as the vessel owner.

New Orleans, Louisiana, June __20th__ 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] No. 11-640, R. Doc. No. 31-1.
[10] No. 11-640, R. Doc. No. 31-8.
[11] No. 11-640, R. Doc. No. 47.